Case 7:20-cv-00011   Document 30   Filed on 04/09/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-11 |
| | § | |
| 6.281 ACRES OF LAND, MORE OR LESS, *et al*, | § § | |
| | § | |
| Defendants. | § | |

# ORDER

The Court now considers the parties' joint discovery/case management plan[1] and joint motion for telephonic appearance.[2] In the joint discovery/case management plan, the parties inform the Court that the following interested parties conferred with the United States and participated in the drafting of the joint discovery/case management plan: Defendant Leonel Romeo Alvarez, who is represented by counsel, and Defendants Fidel Alvarez; Reynaldo Lopez; Leticia L. Cruz; Elodia Saldivar Alvarez; Rosa Maria A. Caraveo; Sandra A. Suarez; and Maricruz A. Zarate, who are representing themselves *pro se*.[3] The remaining *pro se* Defendants with an interest in the case did not confer with the United States or participate in the drafting of the joint discovery/case management plan.[4]

The United States argues in the joint discovery/case management plan that discovery is not necessary in this case.[5] In contrast, Defendant Leonel Romeo Alvarez maintains that limited discovery is necessary to address the issue of just compensation, and anticipates sending

---

[1] Dkt. No. 25.
[2] Dkt. No. 28.
[3] Dkt. No. 25 at 1, ¶ 1.
[4] This includes Rumalda V. Gomez; Miguel Villarreal; Guadalupe G. Villarreal, Jose I. Villareal, Noe Villareal; Santa Irene Alvarez; Iris Lopez a/k/a Iris Garza; Estate of David Dawayne Lopez; Estate of Exiquio Lopez Jr.; Jose Antonio Alvarez; Norma Ruth Ozuna; and Reynaldo Alvarez, Jr. Dkt. No. 2 at 14–16.
[5] Dkt. No. 25 at 3, ¶ 10(B).

interrogatories to and taking depositions of United States officials involved in the Border Wall Program.[6] Defendants Fidel Alvarez; Reynaldo Lopez; Leticia L. Cruz; Elodia Saldivar Alvarez; Rosa Maria A. Caraveo; Sandra A. Suarez; and Maricruz A. Zarate provide that they will not participate in discovery.[7]

Based on the record and the Court's familiarity with similar land condemnation cases, the Court finds that discovery is unnecessary at this time. To the extent Defendant Leonel Romeo Alvarez seeks to depose government officials in order to argue that the United States' nominal just compensation estimate is inadequate, the Court has routinely agreed with this assertion and finds no need to allow discovery on the matter. Should Defendant Leonel Romeo Alvarez wish to argue that a specific form of discovery is necessary in this case, this request should come in the form of a motion to the Court.

In light of the information provided in the joint discovery/case management plan,[8] the Court hereby sets the following deadlines:

| EVENTS | DEADLINES |
| --- | --- |
| Deadline to file all documentation adding, substituting, disclaiming or dismissing interested parties.<br><br>Note: If necessary, the United States may also file amended condemnation documents or an amended Schedule GG. | May 29, 2020 |

---

[6] *Id.* at 4, ¶ 10(C); 6, ¶ 10(E). Defendant Leonel Romeo Alvarez seeks to depose Loren Flossman, Acquisition Program Manager for the property in this case, and "anticipates sending interrogatories to Jason Powell, Director, Planning and Project Execution Division, Border Wall Program Management Office, Program Management Office Directorate, United States Border Patrol, as well as other members of the Program Management Office Directorate Wall Team, who collectively are responsible for implementing the border wall program and for determining the United States' alleged amount of just compensation."
[7] *Id.* at 6, ¶ 10(E).
[8] Dkt. No. 11.

| Deadline to file briefs on the issue of just compensation and notify the Court as to whether the parties (1) consent to the Court deciding the issue of just compensation on the briefings; or (2) request an evidentiary hearing on the issue of just compensation. | June 12, 2020 |
|---|---|
| Deadline to file a joint status report detailing the case's status and intended future action. Alternatively, deadline to file any documentation establishing or stipulating to just compensation and/or dismissal documentation. | July 3, 2020 |
| Status conference. | July 14, 2020 at 9:00 a.m. |

This Order is binding on all parties and may be modified only for good cause and by leave of the Court. All other deadlines, which are not specifically set out in this Order, will be governed by the Federal Rules of Civil Procedure.

In light of this Order, there is no need for an initial pretrial and scheduling conference. Thus, the Court **CANCELS** the parties' April 14, 2020 initial pretrial and scheduling conference.[9] The Court also **DENIES AS MOOT** the joint motion for telephonic appearance.[10]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of April, 2020.

_____
Micaela Alvarez
United States District Judge

---

[9] Dkt. No. 5.
[10] Dkt. No. 28.