United States District Court
Southern District of Texas
**ENTERED**
July 07, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| VS. | §   CIVIL ACTION NO. 7:20-CV-11 |
| | § |
| 6.281 ACRES OF LAND, MORE OR | § |
| LESS, *et al*, | § |
| | § |
| Defendants. | § |

## ORDER

The Court now considers the "Opposed Motion to Add Parties"[1] filed by the United States of America ("United States") and the joint status report[2] filed by the United States and Defendant Leonel Romeo Alvarez ("Defendant"). After considering the motion, the record, and the relevant authorities, the Court **GRANTS** the motion to add parties.[3]

### I. BACKGROUND

This is a land condemnation case concerning Tract RGV-RGC-5034, approximately 6.281 acres of land located in Starr County, Texas (hereafter, "Subject Property").[4] The United States seeks a twelve-month, temporary, assignable easement over the Subject Property.[5] On January 16, 2020, the United States filed a complaint in condemnation,[6] declaration of taking,[7] and notice of condemnation[8] commencing the case. Therein, the United States attached a Schedule of twenty interested parties that may have an interest in the Subject Property.[9] To date, Defendant

---

[1] Dkt. No. 46.
[2] Dkt. No. 55.
[3] Dkt. No. 46.
[4] Dkt. No. 2-1 at 6.
[5] *Id.* at 10.
[6] Dkt. No. 1.
[7] Dkt. No. 2.
[8] Dkt. No. 3.
[9] Dkt. No. 2-1 at 14–16.

Leonel Romeo Alvarez is the only defendant who has retained counsel and filed an answer.[10] Defendants Fidel Alvarez; Reynaldo Lopez; Leticia L. Cruz; Rosa Maria A. Caraveo; and Maricruz A. Zarate conferred with the United States and participated in the drafting of the joint discovery/case management plan, but are representing themselves *pro se*.[11] The remaining *pro se* Defendants with an interest in the case did not confer with the United States or participate in the drafting of the joint discovery/case management plan.[12] The United States estimates just compensation at $100.00,[13] which was deposited[14] into the Registry of the Court on January 28, 2020.

On March 13, 2020, the United States filed a motion for immediate possession[15] and Defendant responded in opposition on April 3, 2020.[16] On April 9, 2020, the Court issued a Scheduling Order in this case, delineating the following deadlines: May 29, 2020 to add, substitute, disclaim, or dismiss interested parties; June 12, 2020 to file all briefs on the issue of just compensation; and July 3, 2020 to file a joint status report.[17] The Scheduling Order also set a status conference for July 14, 2020.[18]

On May 29, 2020, the United States filed the instant opposed motion to add parties, requesting that the Court add twelve additional interested parties to the case.[19] Therein, the

---

[10] *See* Dkt. No. 22.
[11] Dkt. No. 25 at 1, ¶ 1.
[12] This includes Guadalupe G. Villarreal, Jose I. Villareal, Noe Villareal; Iris Lopez a/k/a Iris Garza; Estate of David Dawayne Lopez; Estate of Exiquio Lopez Jr.; and Reynaldo Alvarez, Jr. Dkt. No. 2 at 14–16. The following parties also did not participate in the drafting of the joint discovery/case management plan but have subsequently been dismissed from the case or have disclaimed their interest in the Subject Property: Rumalda V. Gomez; Miguel Villarreal; Santa Irene Alvarez; Jose Antonio Alvarez; and Norma Ruth Ozuna. Elodia Saldivar Alvarez and Sandra A. Suarez participated in the drafting of the joint discovery/case management plan but have subsequently been dismissed from the case or have disclaimed their interest in the Subject Property.
[13] Dkt. No. 2-1 at 12.
[14] Dkt. No. 6; Minute Entry dated January 28, 2020.
[15] Dkt. No. 19.
[16] Dkt. No. 27.
[17] Dkt. No. 30.
[18] *See id.*
[19] *See* Dkt. No. 46.

United States indicates that Defendant is opposed to the addition of these parties,[20] but Defendant has yet to file a response in opposition. On June 12, 2020, the United States and Defendant each timely filed briefs on the issue of just compensation.[21] Finally, on July 3, 2020, the parties filed a joint status report in preparation for the July 14, 2020 status conference.[22] The Court first turns to the motion to add parties.

## II. MOTION TO ADD PARTIES

The United States moves to add the following twelve interested parties to the case: Marlene Alvarez Guerra; Elisabel Lopez; Abel David Lopez; Migdalia Lopez; Exiquio Raul Lopez, III; Lilliana Lee Lopez; Amy Yvonne Lopez; Maria Teresa Lopez; Miracle Nichole Lopez; Tracy Monique Lopez; Eli Rey Lopez; and Eric Randy Lopez.[23] The United States indicates that Defendant is opposed to the addition of these parties,[24] but Defendant has yet to file a response in opposition.

The United States seeks to add Marlene Alvarez Guerra on the basis that the United States discovered she had an interest in the property "[a]fter the filing of this action."[25] The United States previously identified Jose Antonio Alvarez; Reynaldo Alvarez, Jr.; Norma Ruth Ozuna; and Sandra A. Suarez as having an interest in the Subject Property on the basis that they were heirs of Reynaldo Alvarez identified in an affidavit of heirship filed in the Official Records of Starr County.[26] The United States now maintains that Maricruz A. Zarate is also an heir of

---

[20] *Id.* at 6.
[21] Dkt. Nos. 48–49.
[22] Dkt. No. 55.
[23] *See* Dkt. No. 46.
[24] *Id.* at 6.
[25] *Id.* at 4, ¶ 1.
[26] Dkt. No. 2-1 at 15.

Reynaldo Alvarez, and attaches a birth certificate in support of their request that she be added to the case.[27]

The United States also requests that the Court add Elisabel Lopez and Abel David Lopez on the basis that they are entitled to the interest in the Subject Property formerly held by David Dewayne Lopez.[28] The United States previously identified the Estate of David Dawayne Lopez as having an interest in the Subject Property based on an affidavit of heirship filed in the Official Records of Starr County.[29] The United States now maintains that David Dawayne Lopez died intestate without a surviving spouse on March 25, 2018, making his two surviving children Elisabel Lopez and Abel David Lopez proper parties with an interest in the Subject Property.[30]

Finally, the United States requests that the Court add Exiquio Raul Lopez, III; Lilliana Lee Lopez; Amy Yvonne Lopez; Maria Teresa Lopez; Miracle Nichole Lopez; Tracy Monique Lopez; Eli Rey Lopez; and Eric Randy Lopez on the basis that they are entitled to the interest in the Subject Property formerly held by Exiquio Lopez, Jr.[31] The United States previously identified the Estate of Exiquio Lopez, Jr. as having an interest in the Subject Property based on an affidavit of heirship filed in the Official Records of Starr County.[32] The United States now maintains that Exiquio Lopez, Jr. died intestate without a surviving spouse on January 15, 2013, making his eight surviving children, Exiquio Raul Lopez, III; Lilliana Lee Lopez; Amy Yvonne Lopez; Maria Teresa Lopez; Miracle Nichole Lopez; Tracy Monique Lopez; Eli Rey Lopez; and Eric Randy Lopez, proper parties with an interest in the Subject Property.[33]

---

[27] Dkt. No. 46-1.
[28] Dkt. No. 46 at 4, ¶ 2.
[29] Dkt. No. 2-1 at 15.
[30] Dkt. No. 46 at 4, ¶ 2 (citing Dkt. No. 46-2, Affidavit of Facts Concerning the Identity of the Heirs of David Dewayne Lopez, Deceased).
[31] *Id.* at 5, ¶ 3.
[32] Dkt. No. 2-1 at 15.
[33] Dkt. No. 46 at 5, ¶ 3 (citing Dkt. No. 46-3, Affidavit of Facts Concerning the Identity of the Heirs of Exiquio Raul Lopez, Jr., Deceased).

### a. Legal Standard

Rule 71.1(c)(3) governs the joinder of parties in a property condemnation proceeding.[34] Before any compensation hearing, "the plaintiff *must* add as defendants all those persons who have or claim an interest and whose names have become known or can be found by a reasonably diligent search of the records, considering both the property's character and value and the interests to be acquired."[35] Rule 71.1(d) governs notice requirements for added defendants.[36]

### b. Legal Analysis

Here, the Court notes that while participating parties have filed briefs on the issue of just compensation, no hearing on compensation has been held in this case and the United States makes its request to add parties within the necessary timeframe under Rule 71.1(c)(3).[37] The United States seeks to add Marlene Alvarez Guerra; Elisabel Lopez; Abel David Lopez; Migdalia Lopez; Exiquio Raul Lopez, III; Lilliana Lee Lopez; Amy Yvonne Lopez; Maria Teresa Lopez; Miracle Nichole Lopez; Tracy Monique Lopez; Eli Rey Lopez; and Eric Randy Lopez on the grounds that they each have an interest in the Subject Property. Finally, the United States indicates that "[s]hould the Court grant this motion, the United States will file an Amended Schedule "G", and serve Notice on the added parties as required under Federal Rule of Civil Procedure 71.1[d]."[38]

Accordingly, the United States has complied with Rule 71 and addition of the parties is proper. The Court hereby **GRANTS** the United States' motion to add parties.[39] The Clerk of the Court is instructed to add Marlene Alvarez Guerra; Elisabel Lopez; Abel David Lopez; Migdalia

---

[34] FED. R. CIV. P. 71.1(c)(3).
[35] *Id.* (emphasis added).
[36] FED. R. CIV. P. 71.1(c)(4); *see* FED. R. CIV. P. 71.1(d).
[37] FED. R. CIV. P. 71.1(c)(3).
[38] Dkt. No. 46 at 6.
[39] Dkt. No. 46.

Lopez; Exiquio Raul Lopez, III; Lilliana Lee Lopez; Amy Yvonne Lopez; Maria Teresa Lopez; Miracle Nichole Lopez; Tracy Monique Lopez; Eli Rey Lopez; and Eric Randy Lopez as parties to the case. In light of the fact that the Estate of David Dewayne Lopez and the Estate of Exiquio Raul Lopez, Jr. have been replaced with the proper parties, the Court further instructs the Clerk of the Court to terminate Estate of David Dewayne Lopez and the Estate of Exiquio Raul Lopez, Jr. as parties to this action. The Court now turns to the joint status report[40] filed by the United States and Defendant.

### III.   STATUS REPORT

The United States and Defendant Leonel Romeo Alvarez indicate in the joint status report that they have agreed to continue discussions regarding possession of the property and just compensation but have yet to reach an agreement as to either issue.[41] The parties note that the Court has yet to address the United States' motion for immediate possession or the parties' briefs on the issue of just compensation.[42]

The Court must address the issue of service in this case. The United States has repeatedly indicated to the Court that Defendant is the only interested party who has retained counsel in this case. Defendant has also been the only party to respond in opposition to the United States' motion for immediate possession and the only party to file a brief on the issue of just compensation. However, it has become clear to the Court that the United States has handled this case in such a way as to preclude many of the interested parties from participating as Defendant has.

First, as to the parties that were named as interested parties in the declaration of taking filed at the onset of the case, the United States has not served all of these parties. While most

---

[40] Dkt. No. 55.
[41] *Id.* at 3, ¶¶ 12–13.
[42] *Id.* ¶ 11.

parties have been served or have executed waivers of service,[43] the United States just recently issued summons to Guadalupe G. Villarreal; Iris Lopez; Jose I. Villarreal; and Noe Villarreal on June 17, 2020.[44] The parties have yet to be properly served. The United States previously indicated that these parties did not participate in the drafting of the joint discovery/case management plan but failed to point out to the Court that the United States had yet to even attempt to serve these parties.

Moreover, despite the fact that David Dewayne Lopez died in 2018 and Exiquio Lopez died in 2013, the United States waited until after the filing of this action to identify their heirs and add them to the proper interested parties to the case. While the Court recognizes that it set a deadline of May 29, 2020 for the addition, substitution, dismissal, or disclaimer of interested parties, the United States waited until after it moved for immediate possession to add twelve additional parties to the case and then maintained that only Defendant was opposed to immediate possession.

In light of lack of proper service, and the United States' failure to provide any argument for why *immediate* possession is necessary,[45] the Court will not consider the United States' motion for immediate possession or the parties' briefs of the issue of just compensation until all

---

[43] The following parties have been properly served, either by waiver or service of process: Maricruz A. Zarate (Dkt. No. 8); Rosa Maria A. Caraveo (Dkt. No. 9); Leonel Romeo Alvarez (Dkt. No. 10); Miguel Villarreal (Dkt. No. 11); Reynaldo Alvarez, Jr. (Dkt. No. 12); Elodia Saldivar Alvarez (Dkt. No. 13); Leticia L. Cruz (Dkt. No. 14); Fidel Alvarez (Dkt. No. 17); Reynaldo Lopez (Dkt. No. 18); Jose Antonio Alvarez (Dkt. No. 20); and Norma Ruth Ozuna (Dkt. No. 26).

[44] Dkt. Nos. 50–53.

[45] The Court has warned that the United States' form motion for immediate possession is arguably deficient, but often grants these motions in light of the United States' extensive authority pursuant to the Declaration of Takings Act. However, the instant motion for immediate possession once again provides nothing of substance suggesting to the Court that "immediate" possession is necessary. As the Court has noted to the United States in prior cases, broad statements such as "[t]ime is of the essence" provide the Court with "little to no information as to why the United States requires immediate possession outside of its statutory entitlement pursuant to the Act." *See* Case No. 7:19-cv-250, Dkt. No. 17 at 6. In this case, the United States utilizes the same motion for immediate possession that the Court has previously argued lacks substance. Thus, the Court once again sees no reason to expedite its review of the motion for immediate possession pending in this case. The Court also notes that once again, the motion for immediate possession lacks numbered paragraphs in violation of Federal Rules of Civil Procedure 10(b) and 7(b)(2).

parties have been served and all motions have been properly served on those parties in order to allow them to participate in the case if they wish to do so. Accordingly, the Court hereby **ORDERS** the United States to serve (1) summons; (2) copies of the pending motion for immediate possession; and (3) copies of the United States' brief on the issue of just compensation to all remaining interested parties by **Friday, September 4, 2020.** The Court further **ORDERS** the United States to file a status report by **Friday, September 4, 2020** updating the Court on the issue of service. Thereafter, the Court will evaluate whether updated filings of the joint discovery/case management plan; motion for immediate possession, or briefs on the issue of just compensation are necessary.

## IV. HOLDING

Accordingly the Court hereby **GRANTS** the United States' motion to add parties[46] and instructs the Clerk of the Court to add Marlene Alvarez Guerra; Elisabel Lopez; Abel David Lopez; Migdalia Lopez; Exiquio Raul Lopez, III; Lilliana Lee Lopez; Amy Yvonne Lopez; Maria Teresa Lopez; Miracle Nichole Lopez; Tracy Monique Lopez; Eli Rey Lopez; and Eric Randy Lopez as parties to the case. The Court further instructs the Clerk of the Court to terminate Estate of David Dewayne Lopez and the Estate of Exiquio Raul Lopez, Jr. as parties to this action.

Moreover, the Court **ORDERS** the United States to serve (1) summons; (2) copies of the pending motion for immediate possession; and (3) copies of the United States' brief on the issue of just compensation to all interested parties who have yet to be served by **Friday, September 4, 2020.** The Court further **ORDERS** the United States to file a status report by **Friday,**

---

[46] Dkt. No. 46.

**September 4, 2020** updating the Court on the issue of service. In light of the aforementioned, the Court hereby **CANCELS** the parties' July 14, 2020 initial pretrial and scheduling conference.[47]

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 7th day of July, 2020.

                                                      Micaela Alvarez
                                                      United States District Judge

---

[47] *See* Dkt. No. 30.