United States District Court
Southern District of Texas

**ENTERED**

September 22, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-11 |
| | § | |
| 6.281 ACRES OF LAND, MORE OR | § | |
| LESS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

The Court now considers the "Opposed Motion For Leave of Court to File Disclaimers for Defendants"[1] (hereafter, "motion for leave"); the "Opposed Motion for Substituted Service"[2] (hereafter, "motion for substituted service"); and the September 4, 2020 status report filed by the United States of America ("United States"). For the reasons stated herein, the Court hereby **GRANTS** both motions.[3]

### I.   BACKGROUND

This is a land condemnation case concerning Tract RGV-RGC-5034, approximately 6.281 acres of land located in Starr County, Texas (hereafter, "Subject Property").[4] The United States seeks a twelve-month, temporary, assignable easement over the Subject Property.[5] On January 16, 2020, the United States filed a complaint in condemnation,[6] declaration of taking,[7] and notice

---

[1] Dkt. No. 71.
[2] Dkt. No. 72.
[3] Dkt. Nos. 71–72.
[4] Dkt. No. 2-1 at 6.
[5] *Id.* at 10.
[6] Dkt. No. 1.
[7] Dkt. No. 2.

of condemnation[8] commencing the case. Therein, the United States attached a Schedule of twenty interested parties that may have an interest in the Subject Property.[9] The United States has steadily added, dismissed, and disclaimed parties. There are currently twenty-one interested parties involved in this action and seventeen of those parties have been served.[10] To date, Defendant Leonel Romeo Alvarez is the only defendant who has retained counsel and filed an answer.[11]

On March 13, 2020, the United States filed its opposed motion for immediate possession[12] and Defendant Leonel Romeo Alvarez responded in opposition on April 3, 2020.[13] On April 9, 2020, the Court issued a Scheduling Order in this case, delineating the following deadlines: May 29, 2020 to add, substitute, disclaim, or dismiss interested parties; June 12, 2020 to file all briefs on the issue of just compensation; and July 3, 2020 to file a joint status report.[14] The Scheduling Order also set a status conference for July 14, 2020.[15]

On May 29, 2020, the United States filed a motion to add ten additional parties to the case.[16] On June 12, 2020, the United States and Defendant Leonel Romeo Alvarez filed briefs on

---

[8] Dkt. No. 3.
[9] Dkt. No. 2-1 at 14–16.
[10] Dkt. No. 75 at 3–4, ¶ 13–14. The interested parties include Guadalupe G. Villarreal; Jose I. Villarreal; Noe Villarreal; Iris Lopez a/k/a Iris Garza; Reynaldo Lopez, Leticia L. Cruz; Reynaldo Alvarez, Jr.; Norma Ruth Ozuna, Maricruz A. Zarate; Leonel Romeo Alvarez; Elisabel Lopez; Abel David Lopez; Migdalia Lopez; Exiquio Raul Lopez, III; Lilliana Lee Lopez; Amy Yvonne Lopez; Maria Teresa Lopez; Miracle Nichole Lopez; Tracy Monique Lopez; Eli Rey Lopez; and Eric Randy Lopez. Noe Villarreal; Iris Lopez a/k/a Iris Garza; Amy Yvonne Lopez; and Eric Randy Lopez have not been served.
[11] *See* Dkt. No. 22.
[12] Dkt. No. 19.
[13] Dkt. No. 27.
[14] Dkt. No. 30.
[15] *See id.*
[16] Dkt. No. 46.

the issue of just compensation in adherence with this Court's Scheduling Order.[17] On July 7, 2020, the Court granted the United States' motion to add the ten additional parties and cancelled the parties' July 14, 2020 status conference upon review of the July 3, 2020 joint status report.[18] The Court reprimanded the United States for its premature filing of the motion for immediate possession prior to diligently identifying the necessary interested parties, adding them to the case, and serving them.[19] The Court ordered the United States to serve all interested parties with (1) summons; (2) copies of the pending motion for immediate possession; and (3) copies of the United States' brief on the issue of just compensation by September 4, 2020 .[20] The Court further ordered the United States to file a status report by September 4, 2020 updating the Court on the issue of service.[21]

On August 28, 2020 and August 31, 2020, the United States filed the instant motion for leave to file disclaimers and the instant motion for substituted service.[22] On September 4, 2020, the United States filed the instant status report updating the Court on the status of service in this case.[23] The Court first turns to the motion for leave.

## II.   MOTION FOR LEAVE

In the instant motion for leave, the United States provides that interested party Migdalia Lopez is opposed to the motion.[24] Ms. Lopez has not responded to the instant motion and the

---

[17] Dkt. Nos. 48–49.

[18] Dkt. No. 56.

[19] *See id.*

[20] *See id.*

[21] *Id.* at 9.

[22] Dkt. Nos. 71–72.

[23] Dkt. No. 75.

[24] Dkt. No. 71 at 4. The United States also provides that Leticia L. Cruz, Reynaldo Alvarez, Jr., Maricruz A. Zarate, Exiquio Raul Lopez, III, Lilliana Lee Lopez, Miracle Nichole Lopez, Maria Teresa Lopez, Elisabel Lopez, and Abel David Lopez are unopposed to the motion. Defendant Leonel Romeo Alvarez is neutral to the filing of the motion. The United States was unable to

time for doing so has passed. Pursuant to Local Rule for the Southern District of Texas 7.4, "[f]ailure to respond to a motion will be taken as a representation of no opposition."[25] The Court now turns to the substance of the motion.

The United States requests leave of Court to file additional disclaimers on behalf of landowners after the Court's May 29, 2020 deadline to add, disclaim, dismiss, or substitute all parties.[26] The United States attaches disclaimers filed by Guadalupe G. Villarreal and Eric Randy Lopez.[27] "As good cause therefore, the United States presents that dismissing Guadalupe G. Villarreal and Eric Randy Lopez based on their fully executed Disclaimers is proper under Federal Rule of Civil Procedure 71.1(i)(2), necessary to further the resolution of this case, and justified at this time because the United States only received the fully executed Disclaimers after the Court's deadline."[28]

The United States continues to frustrate the Court with its mismanagement of the procedural aspects of these land condemnation cases. The United States failed to identify all interested parties prior to its commencement of this case, and then proceeded to file substantive motions prior to identifying, adding, and serving all interested parties. After the Court set a May 29, 2020 deadline to add, dismiss, disclaim, or substitute all interested parties, the United States requested to add ten additional parties *on May 29, 2020*, completely aware of the likelihood that these parties might disclaim their interests in the property. The United States' argument that the instant request is "justified" because it just recently received the disclaimers is unpersuasive. The

---

make contact with the following Defendants to discern their position as to the motion: Jose I. Villarreal, Noe Villarreal, Iris Lopez Garza, Reynaldo Lopez, Norma Ruth Ozuna, Amy Yvonne Lopez, Tracy Monique Lopez, and Eli Rey Lopez. *Id.*

[25] L.R. 7.4.

[26] Dkt. No. 71.

[27] Dkt. Nos. 71-1, 71-2.

[28] Dkt. No. 71 at 2–3, ¶ 8.

United States' inability to comply with the Court's May 29, 2020 deadline is the direct result of two instances of case mismanagement: (1) failing to properly identify all interested parties prior to seeking to condemn the property owned by those parties; and (2) filing the motion to add ten additional parties on the date of the Court's deadline despite awareness that those parties may disclaim their interests.

Nonetheless, the United States' mismanagement should not stand in the way of Guadalupe G. Villarreal and Eric Randy Lopez's intentions to disclaim their interests. Accordingly, the Court hereby **GRANTS** the motion for leave[29] and **ORDERS** the United States to file notices of disclaimer for Guadalupe G. Villarreal and Eric Randy Lopez on this Court's docket by **Friday, October 9, 2020**. The Court now turns to the motion for substituted service.

### III.   MOTION FOR SUBSTITUTED SERVICE

The United States requests that the Court authorize it to serve interested party, Noe Villarreal, by a substituted method of service. The United States provides that Defendants Leonel Romeo Alvarez and Migdalia Lopez are opposed to the filing of this motion.[30] Neither Defendant has responded in opposition and the time for doing so has passed. Thus, the Court considers the motion unopposed.[31]

The United States maintains that it has attempted to personally serve Noe Villarreal at his usual place of abode on five separate occasions. The United States attaches an affidavit supporting substituted service from its process server, David Stiggers Jr., testifying to its

---

[29] Dkt. No. 71.

[30] The United States also provides that Reynaldo Alvarez, Jr., Maricruz A. Zarate, Exiquio Raul Lopez, III, Lilliana Lee Lopez, Maria Teresa Lopez, Miracle Nichole Lopez, Elisabel Lopez, and Abel David Lopez are unopposed to the motion. The United States was unable to make contact with the following Defendants to discern their position as to the motion: Guadalupe G. Villarreal, Jose I. Villarreal, Iris Lopez Garza, Reynaldo Lopez, Norma Ruth Ozuna, Amy Yvonne Lopez, Tracy Monique Lopez, Eric Lopez, and Eli Rey Lopez. Dkt. No. 72 at 2–3.

[31] *See* L.R. 7.4.

attempts to serve Noe Villarreal at his known address.[32] The United States now "requests that the Court allow service by attaching a copy of the Summons, Notice of Condemnation, Opposed Motion for Order of Immediate Possession, and Brief on Just Compensation securely to the front door of Noe Villarreal's usual place of abode, or by leaving it with someone 16 years of age or older, and by mailing it regular mail to the above-referenced address" in order to give Noe Villarreal notice of the suit.[33]

Federal Rule of Civil Procedure ("Rule") 71.1 provides that the United States may personally serve a defendant whose address is known and who resides within the United States or a territory subject to the administrative or judicial jurisdiction of the United States in accordance with Rule 4. Pursuant to Rule 4(e)(1), a party may be served by following state law for serving a summons in the state where the district court is located. The United States maintains that its proposed method of service "would comply with Rule 106 of the Texas Rules of Civil Procedure."[34] Rule 106 of the Texas Rules of Civil Procedure provides that upon receipt of an affidavit detailing unsuccessful attempts at service, the Court may authorize service by "leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit . . ."[35]

The Court finds that the United States' proposed method of service is proper pursuant to the Federal and Texas Rules of Civil Procedure. The United States' attached affidavit details the process server's interactions with individuals at Noe Villarreal's usual place of abode, who admitted that Noe Villarreal does live at the address but that he was not home.[36] Because the

---

[32] Dkt. No. 72-1.
[33] Dkt. No. 72 at 1–2, ¶ 3.
[34] *Id.* at 2, ¶ 4.
[35] TEX. R. CIV. P. 106(b)(1).
[36] Dkt. No. 72-1.

United States has confirmed that Noe Villarreal lives at this address, the United States' proposed method of service "will be reasonably effective to give the defendant notice of the suit."[37]

Accordingly, the Court hereby **GRANTS** the motion for substituted service[38] and authorizes the United States to effect service on Noe Villarreal by attaching a copy of the summons, notice of condemnation, opposed motion for order of immediate possession, and brief on just compensation securely to the front door of Noe Villarreal's usual place of abode, or by leaving it with someone 16 years of age or older, and by mailing it by regular mail to the address of Noe Villarreal's usual place of abode. The Court **ORDERS** the United States to file notice of substituted service on this Court's docket by **Friday, October 9, 2020**. The Court now turns to the United States' September 4, 2020 status report.[39]

## IV.  STATUS REPORT

In the September 4, 2020 status report, the United States informs the Court that it has successfully served all parties to the case, except for Noe Villarreal; Eric Randy Lopez; Iris Lopez a/k/a Iris Garza; and Amy Yvonne Lopez.[40] The United States will be serving Noe Villarreal by substitution and will be filing a disclaimer on behalf of Eric Randy Lopez pursuant to this Order. As to Iris Lopez and Amy Yvonne Lopez, the United States just recently requested that summons be issued for these two parties on September 1, 2020.[41]

The United States failed to serve either party by the Court's September 4, 2020 deadline. This is unsurprising to the Court considering that the United States requested summons three days prior to the deadline. The United States had nearly two months to serve the ten additional

---

[37] TEX. R. CIV. P. 106(b)(2).
[38] Dkt. No. 72.
[39] Dkt. No. 75.
[40] Dkt. No. 75 at 4, ¶ 16.
[41] Dkt. No. 73.

parties that it added to the case, and while this deadline might have been unusually challenging in light of the ongoing COVID-19 pandemic, the United States' failure to comply appears to be the result of its own lack of diligence. Had the United States requested summons for the remaining parties earlier, the Court may have excused the United States' inability to timely serve the remaining parties. Yet, the United States failed to do so.

Accordingly, the Court hereby **ORDERS** the United States to **SHOW CAUSE** on **Tuesday, November 10, 2020 at 9:00 a.m.** for its failure to timely serve all interested parties. The Court further **ORDERS** the United States to serve all parties by **Friday October 16, 2020.** Finally, the Court **ORDERS** the United States to file a status report by **Friday, October 16, 2020** updating the Court on the issue of service.

## V.  HOLDING

In light of the foregoing, the Court hereby **GRANTS** the motion for leave[42] and **ORDERS** the United States to file notices of disclaimer for Guadalupe G. Villarreal and Eric Randy Lopez on this Court's docket by **Friday, October 9, 2020.** The Court also **GRANTS** the motion for substituted service[43] and authorizes the United States to effect service on Noe Villarreal in conformance with the terms of this Order. The Court **ORDERS** the United States to file notice of substituted service on this Court's docket by **Friday, October 9, 2020**.

The Court hereby **ORDERS** the United States to **SHOW CAUSE** on **Tuesday, November 10, 2020 at 9:00 a.m.** for its failure to timely serve all interested parties. The Court further **ORDERS** the United States to serve all parties by **Friday, October 16, 2020** and file a status report by **Friday, October 16, 2020** updating the Court on the issue of service.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 22nd day of September 2020.

_____
Micaela Alvarez
United States District Judge

---

[42] Dkt. No. 71.
[43] Dkt. No. 72.